
# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br>PEDRO ACOSTA, <br><br>　　　　　　Defendant. | Case No. 12-cv-4530 NC <br><br>**ORDER GRANTING IFP APPLICATION; REFERRAL FOR REASSIGNMENT WITH RECOMMENDATION TO REMAND CASE** <br><br>Re: Dkt. Nos. 1, 3 |

On February 15th, 2012, plaintiff Wells Fargo filed this unlawful detainer action in the Superior Court of California, County of San Joaquin. Pro se defendant Pedro Acosta removed the action from state court to federal court based on alleged federal diversity jurisdiction under 28 U.S.C. § 1332. Not. Removal, Dkt. No. 1. Acosta also moves to proceed in forma pauperis under 28 U.S.C. § 1915.

Because the parties have not consented to the jurisdiction of a magistrate judge, under 28 U.S.C. § 636(c) this Court does not have authority to make a dispositive ruling in this case. Accordingly, the Court orders that this case be REASSIGNED to a District Judge. The Court RECOMMENDS that the action be REMANDED to state court as defendant's notice of removal fails to establish federal subject matter jurisdiction.

## I.  BACKGROUND

This matter involves a residential unlawful detainer action brought by plaintiff Wells Fargo against defendant Acosta in California Superior Court.  On October 31, 2011, Wells Fargo obtained record title to and the right to possession of the subject real property located at 511 Pestana Avenue, Manteca, CA following a non-judicial foreclosure sale.  Not. Removal, Ex. A, Dkt. No. 1.  At that time, Acosta was a tenant/occupant of the subject property. *Id.*  Acosta remained in possession of the property after the sale and has failed to surrender possession.  *Id.*  On February 15, 2012, Wells Fargo filed this unlawful detainer action in the Superior Court of California, County of San Joaquin.  *Id.*

On August 29, 2012, Acosta removed the action to federal court.  *See* Not. Removal.  In the notice of removal, Acosta asserts federal jurisdiction under 28 U.S.C. § 1332, on the grounds of diversity jurisdiction.  Acosta also moves to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

## II.  DISCUSSION

**A.  IFP Application**

Acosta has shown in his IFP application that he is unable to pay the filing fee required to file a complaint in district court.  *See* IFP Application, Dkt. No. 3.  Accordingly, Acosta's IFP application is GRANTED.

**B.  Federal Subject Matter Jurisdiction**

In the case of a removed action, a federal district court must remand the case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

An action brought in a state court, of which the federal district courts have original jurisdiction, may be "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  A defendant may remove a case on grounds of diversity

jurisdiction under 28 U.S.C. § 1332 where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different states . . ." 28 U.S.C. § 1332(a). "[W]here the amount in controversy is in dispute and where it is unclear from the plaintiff's complaint whether the plaintiff is seeking more than [$75,000], the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996) (citation and internal quotation marks omitted).

In addition, where brought on diversity of citizenship grounds, removal is proper only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Here, the complaint states that Wells Fargo seeks $102.75 in damages for each day that defendant continues to possess the property. Not. Removal, Ex. A (Complaint). The complaint also states conclusorily that the amount of damages sought by Wells Fargo "does not exceed $10,000." *Id.*

Based on *Sanchez*, Acosta has not met his burden to establish that the amount in controversy exceeds $75,000, because in unlawful detainer actions, "the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." *Litton Loan Servicing, L.P. v. Villegas*, No. 10-cv-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011). Because the amount of damages sought in the complaint does not exceed $75,000, the district court lacks diversity jurisdiction over the action.

Second, this action cannot be removed based on diversity jurisdiction because defendant Acosta is a citizen of California, which is where this action was brought. *See* 28 U.S.C. § 1441(b)(2).

Finally, the Court notes that even if removal to federal court were proper, which it is not, Acosta removed to the wrong district court. *See* 28 U.S.C. § 1441 (case removable to federal court must be made to the "district court of the United States for the district and division embracing the place where such action is pending."). Based on Acosta's notice

Case No. 12-cv-04530 NC
REFERRAL FOR REASSIGNMENT
WITH REC. TO REMAND          3

of removal, the state action proceeded in San Joaquin County, and therefore the proper district would be the Eastern District of California. San Joaquin County is not in the Northern District of California.

As the Court lacks subject matter jurisdiction over this action, the Court recommends that the action be REMANDED to state court. The parties may object to this recommendation within fourteen days of the filing date. *See* Fed. R. Civ. P. 72(b); Civil L.R. 72-3.

IT IS SO ORDERED.

DATED: September 4, 2012

NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 12-cv-04530 NC
REFERRAL FOR REASSIGNMENT
WITH REC. TO REMAND                    4